UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 11-320-JBC

HINKLE CONTRACTING COMPANY, LLC f/k/a                    PETITIONER,
HINKLE CONTRACTING CORPORATION

V.                  MEMORANDUM OPINION & ORDER

GREAT AMERICAN INSURANCE COMPANY, et al.,                RESPONDENTS.

* * * * * * * * *

Before the court is a motion to compel arbitration (R. 20) filed by Hinkle Contracting Company, LLC, directing Great American Insurance Company and Chapman-Martin Excavation & Grading, Inc. ("CME") to arbitrate the instant dispute. Because of the effect of two related rulings in the United States District Court for the Southern District of West Virginia, the court will compel arbitration of the dispute between Hinkle and CME, but not of the Hinkle-Great American dispute.

This matter arises from a subcontract entered into between Hinkle and CME in December 2009 to construct portions of the King Coal Highway in Mingo County, West Virginia. The arbitration provision in the subcontract states: "All claims, disputes, controversies and matters in question (hereinafter 'Claims') arising out of, or relating to, this Agreement or the breach thereof . . .shall be resolved by mediation followed by arbitration or litigation at [Hinkle's] sole option."

1

In March 2010, Great American issued a performance bond and a labor and material payment bond in which Great American agreed to act as surety, with CME as the principal and Hinkle as the obligee. That performance bond incorporates the subcontract by reference.

Two related West Virginia cases affect the current case. In *Chapman-Martin Excavation & Grading, Inc. v. Hinkle Contracting Company, LLC et al.*, styled Civil Action No. 2:11-cv-00563, Judge Goodwin entered a memorandum opinion and order on November 30, 2011, enforcing the arbitration agreement in the subcontract and staying that case pending arbitration here in Lexington, Kentucky. (R. 18, Exhibit 1). In a second related case, Great American filed a complaint for declaratory judgment against Hinkle, also in the United States District Court for the Southern District of West Virginia, styled *Great American Insurance Company v. Hinkle Contracting Corporation, et al.*, 2:11-cv-00396. In that case, Judge Goodwin denied Hinkle's motion to dismiss or stay those proceedings pending arbitration on December 5, 2011 (R. 20, 21).

Pending before this court are the effect of those two rulings in the instant case, and whether viable claims exist here that are governed by the applicable arbitration clause in the subcontract.

   I.   **Dispute between Hinkle and CME**

The United States District Court for the Southern District of West Virginia has already determined that the arbitration agreement in the subcontract signed by Hinkle and CME is valid and enforceable and that all disputes between Hinkle and

2

CME are within the scope of the arbitration agreement.  *See* R. 20, Exhibit 1, J.  In that case, Judge Goodwin held that "the dispute between Hinkle and CME is arbitrable and there [is] a valid agreement to arbitrate[.]"  *Id*. at 12.  Under the Federal Arbitration Act (the "FAA"), a written agreement to arbitrate disputes which arises out of a contract involving transactions in interstate commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000)(citing 9 U.S.C. § 2).

This court is bound by the determination already made by the West Virginia court because it involves identical parties and issues.   Claim preclusion bars a subsequent action when there is: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.'" *Becherer v. Merrill Lynch, Pierce, Fenner, and Smith, Inc.*, 193 F.3d 415, 422 (6th Cir. 1999)(en banc)(citation omitted). Thus, as all the elements of res judicata have been met, the dispute between Hinkle and CME related to the subcontract is arbitrable.

Section 16.1 of the subcontract provides that "[t]he site for mediation and, if selected, arbitration shall be in Lexington, Kentucky[.]"  *See* R.1, Exhibit 1 at 24. The majority of courts have "recognized that, where the parties have agreed to arbitrate in a particular forum, only a district court in that forum has jurisdiction to

3

compel arbitration" pursuant to Section 4 of the FAA.  *Mgmt. Recruiters Int'l, Inc. v. Bloor*, 129 F.3d 851, 854 (6th Cir. 1997).  Judge Goodwin appropriately stayed his hand in the related case, 11-cv-00563[1].  This court is the appropriate court to compel arbitration arising from the subcontract between the parties Hinkle and CME.

> II.     **Dispute between Hinkle and Great American**

For the purposes of this motion, Hinkle and Great American do not dispute that the West Virginia court ruling in 11-cv-00396[2] between them applies to the instant case.  However, the parties vigorously dispute the scope of application of the ruling to Hinkle's claims against Great American.  In that related case, Judge Goodwin held,

> "the arbitration provisions, read in their entirety and in the context of the relationship among Hinkle, CME, and Great American, were not intended to 'bind the surety company to arbitrate with the contracting parties regarding disputes originating in the provisions of the bond[,]' . . .the main contention of the Complaint is that Hinkle failed to notify Great American of allegations of default and the change order, which 'constitute[s] a material change to the terms and conditions of the Subcontract, which Great American did not agree to, nor consent to, when it wrote its Bond for the Project[,]' . . .this dispute does not fall within the scope of the arbitration provision in the subcontract because it is a bond dispute[.]"  R. 33, Exhibit 1 at 15.

Given Judge Goodwin's ruling, the issue before this court is what claims, if any, exist between Hinkle and Great American that are subject to arbitration under

---

[1] A recent review of the online PACER service center reveals that this case has been stayed since Judge Goodwin's ruling on November 29, 2011.  This case has not been appealed and there are no pending motions.

[2] According to PACER, Judge Goodwin's memorandum opinion and order of December 5, 2011, has been appealed to the Fourth Circuit.  This case has been stayed pending that appeal.

4

the subcontract's arbitration clause incorporated by reference into the performance bond issued by Great American.

Although Hinkle seeks an order compelling Great American to arbitrate certain claims, it has not sufficiently articulated what those exact claims are. Hinkle offers as an example its claim against Great American for "affirmative breach of performance" which "seeks damages in excess of $1.5 million dollars." R. 37 at 3. Hinkle states that the West Virginia court "implicitly held that certain defenses Great American may raise in response to [Hinkle]'s performance bond claim are arbitrable." R. 37 at 3. Rather, however, any claims related to the bond were specifically excluded by Judge Goodwin as non-arbitrable. The West Virginia court specifically distinguished between disputes arising from the subcontract and those arising from the bond. Judge Goodwin held that "the arbitration provisions, read in their entirety, and in the context of the relationship among Hinkle, CME, and Great American, were not intended to 'bind the surety company to arbitrate with the contracting parties regarding disputes originating in the provisions of the bond.'" R. 33, Exhibit 1 at 14 (citing *Jewish Fed'n of Greater New Orleans v. Fid. & Deposit Co. of Md.*, 2001 WL 1085096 at *3 (5th Cir. Aug. 29, 2001).

Hinkle relies on *Exchange Mutual Ins. Co v. Haskell Co.*, 742 F.2d 274 (6th Cir. 1984), for the proposition that a surety must arbitrate a performance bond claim that incorporates a subcontract by reference, even if the performance bond does not expressly include an arbitration provision. Although this Sixth Circuit

5

precedent appears to be in conflict with Judge Goodwin's holding[3], this court is bound to apply the West Virginia ruling to the case at hand.  Hinkle attempts to re-litigate the same arguments and claims that have been previously addressed by Judge Goodwin.  Because this case involves the same parties, claims, and issues, this court is bound by that ruling.  *See Becherer, supra*.

Hinkle's Demand for Arbitration also asserts claims for bad faith and for violation of West Virginia's Unfair Trade Practices Act.  Those claims relate to Great American as a surety and its performance under the bond and therefore are not subject to the arbitration clause in the subcontract.  In addition, those claims are currently pending in the related West Virginia case, 11-cv-00396 (see R. 35 in that case, Answer and Counterclaim filed by Hinkle on December 21, 2011).  That case is still pending before Judge Goodwin, although currently stayed pending an appeal.  Therefore, those claims are not subject to the arbitration clause in the subcontract.

Accordingly,

**IT IS ORDERED:**

Both Hinkle's petition to compel (R.1) and subsequent motion (R.20) are **GRANTED IN PART** and **DENIED IN PART**.  Hinkle and CME shall, pursuant to 9 U.S.C. § 4, proceed to arbitration in accordance with the terms of the subcontract.  Hinkle and Great American are not required to arbitrate.

---

[3] Judge Goodwin discussed the split in the circuits regarding the issue of whether a surety is bound to arbitrate when the performance bond incorporates by reference a subcontract containing an arbitration clause and cited this Sixth Circuit case in his memorandum opinion and order.  *See* R. 33, Exhibit 1 at 5.

6

This matter is **STAYED**, pursuant to 9 U.S.C. § 3, until such arbitration is complete.

Within thirty days of the final arbitration decision, or by November 22, 2012, whichever is earlier, the parties shall file a joint written status report.

The clerk is **DIRECTED** to send a copy of this Order to Judge Goodwin in the United States District Court in the Southern District of West Virginia.

Signed on May 21, 2012

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

7